UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

SUJITTAR SINGH,

       Plaintiff,

v.

PITCHA, INC.,
SINGKRAN MAHAPIROM,
VIRIYA CHAISURIVIRAT,

       Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, SUJITTAR SINGH ("Singh"), brings this action against Defendants, PITCHA, INC. ("Pitcha"), SINGKRAN MAHAPIROM ("Mahapirom"), and VIRIYA CHAISURIVIRAT ("Chaisurivirat"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Singh was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Pitcha was a Florida corporation that regularly transacted business in Polk County, Florida.

4. Mahapirom is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Pitcha, ran the day-to-day operations and had operational control over Pitcha, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Singh.

5.  Chaisurivirat is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Pitcha, ran the day-to-day operations and had operational control over Pitcha, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Singh.

6.  Pitcha's business involves restaurant operations.

7.  Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

8.  Upon information and belief, Pitcha's gross sales or business done was in excess of $500,000 per year at all times material hereto.

9.  Pitcha was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

10. Singh worked for Defendants as a cook.

11. Defendants failed to pay Singh's full and proper overtime wages.

12. Defendants knowingly and willfully refused to pay Singh's legally-entitled wages.

13. Attached as **Exhibit A** is a preliminary calculation of Singh's claims. These amounts may change as Singh engages in the discovery process.

14. Singh retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

15. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-14 above as if set forth herein in full.

16. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791